1

2

3

4                      UNITED STATES DISTRICT COURT

5                            DISTRICT OF NEVADA

6                                   * * *

7    HARVEST SMALL BUSINESS                    Case No. 2:20-CV-512 JCM (DJA)
     FINANCE LLC,
8                                                          ORDER
                                Plaintiff(s),
9
            v.
10
     VALBRIDGE PROPERTY ADVISORS, INC.,
11   et al.,

12                             Defendant(s).

13

14          Presently before the court is Harvest Small Business Finance, LLC's ("plaintiff") motion

15   to remand to state court.  (ECF No. 18).  Matthew Lubawy, Lubawy and Associates, Inc., and

16   Valbridge Property Advisors, Inc. (collectively "defendants") filed a response (ECF No. 21), to

17   which plaintiff replied (ECF No. 26).

18   **I.        Background**

19          The instant action arises from the allegedly fraudulent appraisal of two commercial

20   properties.  (ECF No. 5).  Defendants appraised the commercial properties that would stand as

21   collateral for two small business loans plaintiff made to a nonparty business owner, who had

22   planned to operate Checkers restaurants.  (ECF Nos. 5; 18 at 7).  The nonparty business owner

23   defaulted on his loans, and plaintiff discovered that the collateral properties were

24   "catastrophically over-valued."  (ECF No. 18 at 7).  On October 31, 2019, plaintiff sued

25   defendants in state court, alleging professional negligence, breach of commercial real estate

26   contract, intentional misrepresentation, and negligent misrepresentation.  (ECF No. 5).

27          In state court, defendants filed a motion to dismiss and to compel arbitration.  (ECF No.

28   18 at 7).  The state court denied the motion on March 4, 2020, "finding, inter alia, there was no

James C. Mahan
U.S. District Judge

1    enforceable agreement to arbitrate between the parties." *Id.* (emphasis omitted); (*see also* ECF

2    No. 1 at 2).  On March 12, defendants removed the action to this court.  (ECF No. 1).

3    **II.    Legal Standard**

4    "'Federal courts are courts of limited jurisdiction,' possessing 'only that power

5    authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting

6    *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Pursuant to 28

7    U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the

8    United States have original jurisdiction, may be removed by the defendant or the defendants, to

9    the district court of the United States for the district and division embracing the place where such

10   action is pending." 28 U.S.C. § 1441(a).

11   Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331,

12   1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the

13   complaint contains a cause of action that is within the original jurisdiction of the district

14   court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian*

15   *v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)).  Thus, "it is to be presumed that a cause lies

16   outside the limited jurisdiction of the federal courts and the burden of establishing the contrary

17   rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042

18   (9th Cir. 2009).

19   Upon notice of removability, a defendant has thirty days to remove a case to federal court

20   once he knows or should have known that the case was removable.  *Durham v. Lockheed Martin*

21   *Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)).  Defendants are not

22   charged with notice of removability "until they've received a paper that gives them enough

23   information to remove." *Id.* at 1251.

24   Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's

25   receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts

26   necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty*

27   *Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)).  "Otherwise, the thirty-day

28   clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion,

James C. Mahan
U.S. District Judge

order or other paper' from which it can determine that the case is removable." *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand.  28 U.S.C. § 1447(c).  On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper.  *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam)).  Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court.  *Id.*

**III.   Discussion**

*A.  Remand*

"In scrutinizing a complaint in search of a federal question, a court applies the well-pleaded complaint rule."  *Ansley*, 340 F.3d at 861 (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)).  "For removal to be appropriate under the well-pleaded complaint rule, a federal question must appear on the face of a properly pleaded complaint."  *Id.* (citing *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475 (1998)).

Alternatively, a United States district court has jurisdiction under § 1332 when there exists "complete diversity of citizenship" between the parties and the amount in controversy must exceed $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  However, the forum defendant rule codified in Section 1441(b)(2) expressly prohibits removal on the basis of diversity jurisdiction in cases where "any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which [the] action is brought."  28 U.S.C. § 1441(b)(2); *see also Ayemou v. Amvac Chem. Corp.*, 312 Fed. Appx. 24, 30 (9th Cir. 2008) ("[A] diversity action may be removed only when there is no in-state defendant under 28 U.S.C. § 1441(b) commonly called the forum defendant rule.") (internal quotations omitted).

In its notice of removal, defendants aver that the court now has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.  (ECF No. 1 at 3).  But in its opposition to remand, defendants argue that "it was the [s]tate [c]ourt's misapplication and

misunderstanding of the Seventh Amendment and [Federal Arbitration Act's ("FAA")] application to this matter which confers federal question jurisdiction." (ECF No. 21 at 3). Defendants go on to concede that "[p]laintiff's [c]omplaint does not allege any [f]ederal [c]auses of [a]ction . . . ." *Id.* at 9.

Next, defendants concede that they were precluded from removing this action on the basis of diversity because Matthew Lubawy and Lubawy and Associates, Inc. are a Nevada resident and corporation, respectively. (ECF No. 21 at 7–8). Although "[d]efendants concede that removal based upon diversity jurisdiction would also be procedurally deficient at this time," they nonetheless argue that such deficiency "does not destroy the [c]ourt's subject matter jurisdiction based upon diversity." *Id.* at 8.

Thus, defendants' removal rests solely on their belief that *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) ("*Grable*"), *Gunn v. Minton*, 568 U.S. 251 (2013) ("*Gunn*"), and the resulting "*Gunn-Grable* exception" allow them to drag this action into federal court. (*See generally* ECF No. 21). In *Grable*, the Supreme Court held that "[t]here is . . . another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable*, 545 U.S. at 312 (citing *Hopkins v. Walker,* 244 U.S. 486, 490–491 (1917)).

However, the *Grable* court specifically clarified that the scope of this doctrine has been limited over time. *Id.* at 312–314. The Supreme Court ultimately held that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (citing *Grable*, 545 U.S. at 313–314).

Defendants contend that the application of the Seventh Amendment and the FAA is a necessarily-raised, actually-disputed, and substantial federal issue. (ECF No. 21 at 9–11). Defendants also believe that the federal-state balance will not be disrupted because but-for the home state defendant rule, they would have been able to remove this action based on diversity jurisdiction. *Id.* at 11–12.

James C. Mahan
U.S. District Judge

- 4 -

The court assumes *arguendo* that the Seventh Amendment and the FAA do, in fact, present a necessarily-raised, actually-disputed, and substantial federal issue.[1]  Even based on this assumption, the court finds that remand is appropriate.  Asserting jurisdiction over this action would disrupt the federal-state balance, particularly because defendants removed this action only after the state court ruled on the applicability of the Seventh Amendment and the FAA to this action.

First, the court finds that the home-state defendant rule precludes removal in this action, which indicates that the federal-state balance approved by Congress requires that this action proceed in state court.  Further, there is clear Supreme Court precedent indicating that "[g]iven the substantive supremacy of the FAA, but the Act's nonjurisdictional cast, **state courts have a prominent role to play as enforcers of agreements to arbitrate**."  *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (citing *Southland Corp. v. Keating*, 465 U.S. 1, 15 (1984); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983)); *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008) ("As for jurisdiction over controversies touching arbitration, the [FAA] does nothing . . . in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis.").

The court also finds a strong policy against allowing defendants a second bite at the apple in federal court after losing in state court.  *See, e.g., Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) ("The *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment."); *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992) ("Defendants may not 'experiment' in state court and remove upon receiving an adverse decision.").

Here, defendants contend that the state court coming to, by their estimation, the wrong conclusion creates jurisdiction over this action.  Not so.  If any such jurisdiction exists, it is because the FAA is a necessarily-raised, actually-disputed, and substantial federal issue.  The

---

[1] Although the court need not reach these issues for the purpose of adjudicating the instant motion, the court notes that this assumption is dubious at best.

defendants were well aware of the FAA, which supposedly justified removal, when they filed their state-court motion.  Thus, if removal of this action were ever appropriate, it was appropriate only before the state court considered and rejected defendants' arguments under the FAA.

The state court was—and is—capable of resolving the underlying state-law claims and considering the FAA's applicability thereto.  Indeed, the state court considered defendants' argument that the FAA required arbitration.  The state court disagreed.  Only then did defendants remove.

Accordingly, the court finds that exercising jurisdiction over this action would upset the federal-state balance Congress has struck.  The court grants plaintiff's motion to remand.

### B.  Attorney fees

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under this provision, the decision whether to award attorney's fees or not, "is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).  That is not to say the courts' discretion is unlimited.  *See id.* at 139–140 ("Discretion is not whim," but should be "guided by sound legal principles.").  The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141.  Thus, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

"[D]istrict courts retain discretion to consider whether unusual circumstances warrant a departure" from the general rule.  *Martin*, 546 U.S. at 141; *accord Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007).  While the Supreme Court has not defined what makes removal objectively unreasonable, lower courts have looked to the clarity of the relevant law at the time of removal.  *See Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 Fed. Appx. 485, 489 (6th Cir. 2013) ("Among other factors, objective reasonableness may depend on the clarity of the law at the time the notice of removal was filed.") (internal citations and quotations omitted); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) ("[T]he test is whether the

1    relevant law clearly foreclosed the defendant's basis of removal."); *Lott v. Pfizer, Inc.*, 492 F.3d

2    789, 793 (7th Cir. 2007) ("As a general rule, if, at the time the defendant filed his notice in

3    federal court, clearly established law demonstrated that he had no basis for removal, then a

4    district court should award a plaintiff his attorneys' fees.").

5            However, the reasons for such departure should be "faithful to the purposes of awarding

6    fees under § 1447," which—according to the Supreme Court—are "to deter removals sought for

7    the purpose of prolonging litigation . . . , while not undermining Congress' basic decision to

8    afford defendants a right to remove as a general matter" *Martin*, 546 U.S. at 140–141.

9            In light of the foregoing discussion, the court finds that defendants' removal constitutes

10   impermissible forum-shopping in the hopes of securing a de facto appeal of the state court's

11   adverse decision.  This sort of removal is patently unreasonable and needlessly prolongs the

12   litigation.  Accordingly, the court finds that an award of attorney fees is appropriate.

13   **IV.    Conclusion**

14           Accordingly,

15           IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to

16   remand (ECF No. 18) be, and the same hereby is, GRANTED.

17           IT IS FURTHER ORDERED that plaintiff is eligible for an award of attorney fees

18   incurred by defendants' unreasonable removal of this action.

19           IT IS FURTHER ORDERED that plaintiff shall, within 14 days of this order, file an

20   appropriate motion for the fees it incurred preparing and litigating the motion to remand in

21   accordance with Fed. R. Civ. P. 54(d) and Local Rule 54-14.

22           IT IS FURTHER ORDERED that the matter of *Harvest Small Business Finance, LLC v.*

23   *Valbridge Property Advisors, Inc. et al.*, case number 2:20-cv-00512-JCM-DJA, be, and the

24   same hereby is, REMANDED to the Eighth Judicial District Court, Clark County, Nevada.

25           DATED May 8, 2020.

26

27                                                        _____
                                                           UNITED STATES DISTRICT JUDGE
28

James C. Mahan
U.S. District Judge                                          - 7 -